**In the Matter of Gregory A. KAHRE, Respondent.**

No. 82S00–0606–DI–208.

Supreme Court of Indiana.

May 14, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A couple ("Buyers") bought residential property ("Property") from Associates Financial Services ("Associates"). Previously, an out-of-state company ("Investor") had purchased the Property at a tax sale and held a tax deed to it. A quiet title action ensued. Respondent, as counsel to a title insurer, National Attorneys Title Assurance Fund, Inc. ("NATAF"), entered his appearance on behalf of Buyers, negotiated a settlement with Investor, and withdraw his appearance for Buyers. Buyers, represented by new counsel, then filed a cross-complaint against Associates and a third-party complaint against NATAF. Respondent appeared for NATAF and filed an answer and a counterclaim against Buyers. After Buyers moved to disqualify Respondent from representing NATAF, Respondent moved to withdraw his appearance. At no time did Respondent consult with Buyers regarding representing NATAF in an adversarial role against them.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.9(a), which prohibits representing a client who has adversarial interests against former clients without obtaining the former clients' consent to the adverse representation.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.